IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAMMERHEAD MANAGING PARTNERS, LLC | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:18-CV-1160-N |
| NOSTRA TERRA OIL & GAS COMPANY PLC, *et al.*, | § § § § | |
| Defendant. | § § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants, Nostra Terra Oil & Gas Company PLC, GFP Texas, Inc., Cue Resources, Inc., Cue Energy Resources Ltd., Thomas Ervin, EETradeco, LLC, and EETradeco Partners, LLC's motions to dismiss [14], [23], [26], [29], [31]. For the reasons stated below, the Court grants the motions.

### **I. ORIGINS OF THE DISPUTE**

This is an oil and gas dispute in which Plaintiff Hammerhead Managing Partners, LLC ("Hammerhead") seeks to enforce a preferential right to purchase option[1] in a joint operating agreement to which it is not a party.

---

[1] A preferential right to purchase is essentially a right of first refusal that grants nonselling participating parties the right to proportionally acquire the interest that a participating party proposes to sell to a third party.

MEMORANDUM OPINION AND ORDER – PAGE 1

Hammerhead owns a 12.5% working interest in a 2,400 acre tract of land called the Pine Mills Oil Field ("Pine Mills"). Defendant GFP Texas, Inc. ("GFP") owned the remaining 87.5% working interest in Pine Mills, but later assigned 80% of its working interest to Defendant Cue.[2] Thus, at the relevant time, Hammerhead owned 12.5%, Cue owned 80%, and GFP owned 7.5%.

GFP and Cue then entered into a new Joint Operating Agreement (the "JOA")[3] and did not include Hammerhead in the agreement. Hammerhead states in the Complaint that it was "not consulted about entering into a new JOA, or even informed that the new JOA had been executed, and that it replaced the previous operating agreement." Compl. at 7. Similarly, Hammerhead did not sign the JOA. Despite this, Hammerhead argues that it is entitled to all the rights and obligations under the new JOA, specifically the right to enforce a preferential right to purchase provision. Hammerhead claims that its right to exercise the preferential purchase option was triggered when Cue proposed to sell its 80% working interest in November 2016. Cue's interest, however, was ultimately sold to Nostra Terra Oil & Gas Company, another defendant in this case.[4]

---

[2] The parties dispute whether GFP assigned its working interest to Cue Resources, Inc. or Cue Energy Resources Ltd.

[3] Defendants and Hammerhead apparently had a prior joint operating agreement that Defendants GFP and Cue terminated through their rights as majority interest owners, but Hammerhead only refers to it in conclusory fashion and does not bring a cause of action based on any breach of that prior joint operating agreement.

[4] Hammerhead does not, however, bring a claim to recover its share of production based on any duty to account.

Hammerhead brings claims for breach of contract, breach of implied contract, breach of fiduciary duty, specific performance, tortious interference with existing contract, conspiracy to tortiously interfere with existing contract, aiding and abetting breach of fiduciary duty, conversion, constructive trust, and declaratory judgment.

## II. LEGAL STANDARD

When addressing a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To survive dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, a plaintiff must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint, however, need not contain "detailed factual allegations." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

In ruling on a Rule 12(b)(6) motion, the court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). A court

does not, however, accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Moreover, the Fifth Circuit has said courts may consider a complaint's "proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

### III. Hammerhead Fails to State a Claim

Hammerhead fails to state claims for breach of contract, breach of implied contract, and breach of fiduciary duty. And because Hammerhead's claims for specific performance, tortious interference with existing contract, conspiracy to tortiously interfere with existing contract, aiding and abetting breach of fiduciary duty, conversion, constructive trust, and declaratory judgment are all predicated on Hammerhead's breach of contract and breach of fiduciary claims, the Court does not reach these claims.

#### A. *Hammerhead Fails to State a Claim for Breach of Contract*

Under Texas law, a plaintiff cannot make a claim for breach of contract unless it is a party to the contract or a third-party beneficiary of the contract. *Maddox v. Vantage Energy, LLC*, 361 S.W.3d 752, 756 (Tex. App.—Fort Worth 2012, pet. denied). Texas courts presume that a party contracts only for its own benefit and have therefore maintained a presumption against third-party beneficiary status, unless there is a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party. *Id*. Here, Hammerhead admits that it was not a signatory to the JOA or even aware of its execution.

Compl. at 7. Nevertheless, Hammerhead argues that it is still somehow a party to the JOA because it is a working interest owner in Pine Mills and because it is a third-party beneficiary of the JOA. The Court disagrees.

Under Texas law, a contract requires mutual assent to be enforceable, including a meeting of the minds and consent to the agreement's terms. *See, e.g.*, *Hallmark v. Hand*, 885 S.W.2d 471, 476 (Tex. App.—El Paso 1994, writ denied). By its own pleading, Hammerhead cannot establish mutual assent or agreement, as Hammerhead admits that it was not included in or even aware of the JOA's existence or execution. Compl. at 7. Hammerhead thus cannot state a claim for breach of contract based on the JOA because it cannot meet the basic elements of contract formation.

Moreover, merely being a working interest owner does not automatically make Hammerhead a party to the JOA. As working interest owners in the Pine Mills tract, Hammerhead and Defendants GFP and Cue are co-tenants, and every co-tenant has the right to produce from the common property without the consent of the other co-tenants. *Zimmerman v. Texaco, Inc.*, 409 S.W.2d 607, 614 (Tex. Civ. App.—El Paso 1966), writ ref'd n.r.e., 413 S.W.2d 387 (Tex. 1967); *Radcliffe v. Tidal Petroleum, Inc.*, 521 S.W.3d 375, 383 (Tex. App.—San Antonio 2017, pet. denied); *Mitchell Energy Corp. v. Samson Res. Co.*, 80 F.3d 976, 983 (5th Cir. 1996). "[E]ach owner in a co-tenancy acts for himself, and no one is the agent for the other, neither having any authority to bind the other unless authorized to do so." *Id*; *see also Willson v. Superior Oil Co.*, 274 S.W.2d 947, 950 (Tex. Civ. App.—Texarkana 1954, writ ref'd n.r.e.); *Radcliffe*, 521 S.W.3d at 383.

Hammerhead also argues that it is a party to the JOA because the JOA unambiguously states that it applies to all working interest owners. Pl.'s Resp. to Cue Resources' Mot. to Dismiss at 11 [36]. Hammerhead's construction of the JOA is nonsensical and incorrect. When the JOA refers to "parties" it is clearly referring to the parties to the agreement rather than any and all working interest owners. Cue Resources App. at 004 (limiting the JOA to the signatory parties to the agreement, not all working interest owners); *Imco Oil & Gas Co. v. Mitchell Energy Corp.*, 911 S.W.2d 916, 920 (Tex. App.—Fort Worth 1995, no writ) (holding that where language in the JOA stated that it was between operator and "the signatory parties other than Operator," the JOA was expressly limited to those who chose to sign the document and therefore modified "the use of the word 'parties' throughout the remainder of the document to those who actually sign the agreement.").

Hammerhead additionally argues that it is an intended third-party beneficiary of the JOA. The Complaint, however, does not even allege third-party beneficiary status.

### B. *Hammerhead Fails to State a Claim for Breach of Implied Contract*

Hammerhead argues in the alternative that the parties had an implied contract. An implied contract, however, requires a meeting of the minds and mutual agreement. *Texas Ass'n of Ctys. County Gov't Risk Mgmt. Pool v. Matagorda County*, 52 S.W.3d 128, 133 (Tex. 2000); *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972). The Complaint negates the existence of a mutual intention to contract because Hammerhead's entire dispute centers on it being cut out and excluded from

the JOA. And the Complaint contains no other allegations showing a mutual intent among the parties for Hammerhead to be bound by and benefit from the JOA.

### C. Hammerhead Fails to State a Claim for Breach of Fiduciary Duty

Hammerhead alleges that Defendants Cue and GFP owed fiduciary duties to Hammerhead because they formed a joint venture under Texas law. The Court notes that merely pleading that the parties share an undivided interest in Pine Mill is not by itself sufficient because working interest owners in the same tract of land do not automatically owe each other fiduciary duties. *Zimmerman*, 409 S.W.2d at 614.

A joint venture exists when there is, among other things, an agreement to share profits and losses and a mutual right of control or management of the venture. *Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 319 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The Complaint does not contain factual allegations supporting the existence of a joint venture, and instead contains only a conclusory recital of the elements of a joint venture. Compl. at 21. And Hammerhead identifies no other special relationship, other than co-tenancy in the Pine Mills tract, that gives rise to a fiduciary relationship.[5]

### CONCLUSION

Hammerhead fails to state a claim upon which relief can be granted. Accordingly, the Court dismisses Hammerhead's claims for breach of contract, breach of implied contract, and

---

[5] Interestingly, Hammerhead claims that it wants to be part of and bound by the JOA, when the JOA itself disclaims any partnership. Cue Resources App. at 012.

breach of fiduciary duty.[6]  The Court also dismisses Hammerhead's remaining claims because they are dependent on Hammerhead's contract and fiduciary duty claims.

The fact that Defendants Cue and GFP contracted around Hammerhead does not deprive Hammerhead of its rights as a working interest owner, and the Court does not hold that.  It simply holds that the claims Hammerhead attempts to assert under the JOA, to which it is not a party, are not viable.  The Court therefore gives Hammerhead thirty (30) days to amend its pleading if it chooses to do so.  Absent such amendment, the Court will dismiss this case with prejudice without further notice.

Signed March 27, 2019.

                                          David C. Godbey
                                    United States District Judge

---

[6] Defendant Cue Energy filed a motion to dismiss on the basis of lack of personal jurisdiction, but requested that the Court consider its Rule 12(b)(6) grounds first.  Because the Court dismisses the Complaint for failure to state a claim, the Court does not reach Cue Energy's personal jurisdiction argument.